HARRIS, Judge.
Gary and Caryn Schultz sued for damages resulting from injuries sustained by Gary Schultz in an automobile accident. Schultz had stopped his vehicle at an intersection when Glen N. Wilkes’s vehicle collided with a vehicle being driven by Elizabeth Keim and the Keim vehicle ricocheted into Schultz’s vehicle. Schultz settled with Keim and proceeded to trial against Wilkes. The jury awarded damages to Schultz in the amount of $5,000, and found that Keim was 80% negligent and Wilkes was 20% negligent. Schultz appealed; we affirm.
After this accident in which his chiropractor gave Schultz a five to six percent permanent partial disability rating, Schultz was injured in another accident. At trial, Wilkes argued that Schultz’s injuries resulted from the second accident. Schultz’s first issue is that the trial court did not give his requested instruction on aggravation of preexisting injuries. We agree with the trial court. Schultz was not suing because any preexisting injuries had been aggravated; his action was for the “preexisting injury” and the damage issue in this case was confined solely to the extent of the injuries received in the first accident. The fact that opposing counsel may argue that the injuries complained of by plaintiff were the result of a subsequent accident does not change plaintiffs burden to prove that all of his claimed injuries resulted from the first accident. The aggravation of preexisting injuries simply had no place in this trial and the trial court correctly so ruled.
Schultz’s second issue is whether the court erred in not giving his requested instruction on concurring cause. Again, we agree with the trial court. Schultz argues that this instruction was necessary because it would permit the jury to find that Wilkes alone was the cause of the accident resulting in his injuries. That is, such instruction would tell the jury that it could find that Wilkes’ negligence in being hit by Keim, without any negligence on the part of Keim, was the sole cause of Keim colliding with Schultz. This is not a concurring cause ease. This is not a case in which Wilkes hit Schultz and shortly thereafter, Keim hit Schultz. There was but one cause of Schultz’s injury — the collision between Wilkes and Keim which caused Keim to collide with Schultz’s vehicle. The jury was asked to determine which driver, if either or both, was negligent in causing that collision. The jury did so. The fact that Schultz settled with the one the jury found most negligent is of no moment.
We do agree with Schultz, however, that since the total judgment was under $25,-000, section 768.81(5), Florida Statutes, requires that the entire award be “joint and several.” The judgement, therefore, after deducting the $1,000 settlement from Keim, should be in Schultz’s favor in the amount of $4,000.
We find Schultz’s other issues to be without merit.
*437 AFFIRMED in part; REVERSED in part and REMANDED for entry of judgment in the amount of $4,000.
COBB and GOSHORN, JJ., concur.